**STATE of Rhode Island**

v.

**Anthony D'ALO.**

No. 93–611.

Supreme Court of Rhode Island.

Oct. 14, 1994.

Jane McSoley, Aaron Weisman, Providence.

Paula Lynch Hardiman, Paula Rosin, Providence.

ORDER

This matter came before the Supreme Court on October 5, 1994, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, it is the conclusion of this court that cause has not been shown.

The defendant, Anthony D'Alo, appeals from a Superior Court jury conviction of driving on a suspended license in violation of G.L.1956 (1982 Reenactment) § 31–11–18. The defendant argues that his conviction cannot stand because the Registry of Motor Vehicles (the registry) did not have jurisdiction to suspend his license. Specifically, defendant argues that the registry does not have the power to suspend his license for failure to appear at an administrative hearing.

Section 31–11–7 provides that the registry has the authority to suspend the license of an operator who "has been convicted with such frequency of offenses against traffic regulations governing the movement of vehicles as to indicate a disrespect for traffic laws and a disregard for the safety of other persons on the highway."

In sentencing the defendant, the trial judge emphasized his lengthy driving record, noting that it demonstrated that the defendant possessed a complete disregard for authority. We therefore conclude that the registry properly acted within its subject matter jurisdiction when it suspended the defendant's license and he cannot now launch a collateral attack.

For the foregoing reasons, the defendant's appeal is denied and dismissed, and the judgment appealed from is affirmed.